IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIRGINIA LISSBETH PINEDA LEMUS, | | |
| Petitioner, | | **4:26CV3078** |
| vs. | | |
| KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and JEROME J. KRAMER, in their official capacity as Lincoln County Sheriff, Official of Lincoln County Detention Center; | | **ORDER TO SHOW CAUSE** |
| Respondents. | | |

This matter is before the Court on Petitioner Virginia Lissbeth Pineda Lemus (Pineda Lemus)' petition for a writ of habeas corpus. (Filing No. 1).

Pineda Lemus is a Salvadoran citizen who has lived in the United States since 2021. (Filing No. 1 at 4). In January 2026, Pineda Lemus was booked into the Lancaster County Corrections on domestic assault charges. (Filing No. 1-5 at 3). U.S. Immigration and Customs Enforcement encountered her at the jail the same day. (Filing No. 1-5 at 3). After posting bond on her state charges, she was transferred to ICE custody. (Filing No. 1-5 at 3). ICE initiated removal

proceedings against Pineda Lemus around two weeks later (Filing No. 1-2). She remains in ICE custody at the Lincoln County Detention Center in North Platte, Nebraska. (Filing No. 1 at 2).

Pineda Lemus alleges her detention is unlawful in that Respondents consider her subject to mandatory detention without the opportunity for release on bond during the pendency of her removal proceedings. (Filing No. 1 at 2). She seeks immediate release or, alternatively, an order directing Respondents to provide her with a bond hearing within seven days. (Filing No. 1 at 23). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Pineda Lemus] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Pineda Lemus]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Pineda Lemus'] detention." *Id.*

The Court cannot say from the face of the petition that Pineda Lemus is not entitled to relief. Accordingly, the Court orders Pineda Lemus to serve her petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Pineda Lemus replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Pineda Lemus may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1.  Petitioner Virginia Lissbeth Pineda Lemus shall serve her petition for a writ of habeas corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.

2

2. Respondents shall, within three business days of being served, make a return certifying the true cause of the petitioner's detention and showing cause why the writ should not be granted.

3. Petitioner shall reply in support of her petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 6th day of March, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge

3